# United States Bankruptcy Court
## for the District of Oregon

**Thomas M. Renn, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

November 16, 2016

Mr. Alan Seligson
142 West 8th Avenue
Eugene, OR 97401

Mr. Bradley S. Copeland
800 Willamette Street, #800
Eugene, OR 97401

Ms. Amber Lebrecque
9600 SW Oak Street, Suite #570
Portland, OR 97223

Mr. Sanford Landress
1515 SW 5th Avenue, #600
Portland, OR 97201

Mr. Paul Garrick
PO Box 467
Eugene, OR 97440

RE:   FIELDER, Danni Wayne & Rhonda Lynn; Case No. 15-62284-tmr13

Dear Counsel:

    As you are aware, I conducted an evidentiary hearing on September 27, 2016, in the above-referenced case. Before me was confirmation of Debtors Danni and Rhonda Fielder's (**Debtors**) Amended Chapter 13 Plan dated July 27, 2016 (**Amended Plan**). During the hearing's course, it became apparent the main obstacle to confirmation was Sacor Financial Inc.'s (**Sacor**) objection. Debtor Danni Fielder (**Danni**) testified as to the value of certain parcels of real property and the secured debt encumbering them. At the hearing's conclusion, I gave Debtors and Sacor an opportunity to brief matters further. Sacor has timely submitted a post-hearing Memorandum, supported by a Declaration. The matter is ripe for decision.

    Facts:

    On or about February 14, 2006, Sacor's predecessor-in-interest, Columbia Credit Services, Inc. (**Columbia**), obtained a judgment against Debtors in Lane County Circuit Court (**Lane County Action**). Once noted in the Circuit Court's register, the judgment became a lien on two parcels of real property, one at 2932**4** Dane Lane, Junction City, Oregon (**the Lot**), owned by Danni, and the other at 2932**8** Dane Lane, Junction City (**the Residence**), owned by Debtors.

On November 4, 2008, Debtors filed a Chapter 7 petition (Case #08-64401-aer7) (**the Chapter 7 Case**). Danni still owned the Lot, and Debtors still owned the Residence. Both properties were listed on Schedule A. Columbia was listed on Schedule D, and received notice of the Chapter 7 Case. Debtors received their Chapter 7 discharge on February 13, 2009, and the Case closed as no-asset on November 20, 2009.

Debtors filed the instant Chapter 13 case on July 2, 2015. The Lot (still owned by Danni) and Residence (still owned by Debtors) were again listed on Schedule A at $45,000 and $165,000 respectively. On Schedule C, Debtors claimed $50,000 of the Residence exempt under ORS 18.395, the Oregon homestead exemption. No objection to the exemption has been filed.

Nationstar Mortgage, LLC (**Nationstar**), as servicer for the Federal Home Loan Mortgage Corporation, and as transferee of Everhome Mortgage Company, holds a first consensual lien on the Residence. As of the Chapter 13 petition filing date, Nationstar was owed $116,322.73, as evidenced by Proof of Claim #8-1. Northwest Community Credit Union (**NWCCU**) holds a junior consensual lien on the Residence. As of the Chapter 13 petition filing date, NWCCU was owed $13,500, as evidenced by Amended Proof of Claim #6-2, with $1,500 thereof having been subsequently satisfied. The Residence's present value, and value when the Chapter 13 petition was filed, is/was $165,000, as evidenced by Debtors' sworn Schedule A and Danni's uncontroverted credible testimony at the September 27, 2016, hearing.[1]

Discussion:

Sacor filed Amended Proof of Claim #5-2 for $20,174.22. It claims fully secured status based on its judgment lien. It further argues that, to the extent the claim is under or unsecured, it should be allowed as a general unsecured claim. Debtors dispute Sacor's secured status, and argue that any under or unsecured portion should be disallowed based on Debtors' discharge in the Chapter 7 Case.

---

[1] Sacor did not offer any valuation evidence of its own. Instead, it asks that I discount Danni's testimony by taking judicial notice of two things: 1) Debtors valued the Residence at $202,000 in the Chapter 7 Case, and 2) real estate values in the "Eugene area" have "dramatically increased" between 2008 [the Chapter 7 Case's filing] and 2015 [the Chapter 13 case's filing]. Sacor's post-hearing Memorandum at p.2. However, a 2008 value, in and of itself, is not probative of a 2015 value. While it may provide evidence of a "baseline," Sacor neither cites nor references any generally-recognized study or source validating its position that values have dramatically increased since 2008. I decline to take judicial notice of an amorphously-described trend. Even were I to take such notice, a mere trend would have little probative value, as each parcel of real property is unique, with valuation dependent on a multiplicity of factors.

I discuss the latter issue first.[2] On all fours is In re Rosa, 521 B.R. 337 (Bankr. N.D. Cal. 2014), which, applying 11 U.S.C. § 502(b)(1),[3] held that a prior Chapter 7 discharge prevented allowance of any portion of a lien claim as unsecured in a subsequent Chapter 13 bankruptcy. I agree with and adopt Rosa's reasoning. See also Free v. Malaier (In re Free), 542 B.R. 492, 500-501 (9th Cir. BAP 2015) (citing the "well-reasoned decision" in Rosa, and holding, post-Chapter 7 discharge, the unsecured portion of a lien claim may not be counted as unsecured debt under § 109(e) for Chapter 13 eligibility purposes). Other courts have agreed with Rosa and pointed to "clear" legislative history. See In re Sandrin, 536 B.R. 309, 323 (Bankr. D. Colo. 2015) (absent specific Code provision, Congress provided nonrecourse debt does not have unsecured claim status).

I next take up Sacor's secured status, and in particular, its claimed lien on the Residence. The lien's viability is squarely before me. Paragraph 6 of the Amended Plan incorporates a motion to avoid the lien as impairing Debtors' homestead exemption. The applicable statute is § 522(f)(1), which permits Debtors to avoid judicial liens to the extent their homestead exemption is impaired. As a threshold, I reject Sacor's contention, unsupported by any cited caselaw, that because Debtors did not attempt to avoid the lien in their Chapter 7 Case, they are now barred from doing so. Sacor relies on § 522(c)(2)(A) as applied in the Chapter 7 Case. That statute, in general, preserves unavoided liens on exempt property. However, nowhere does it indicate the use of § 522(f)(1) is barred in a subsequent case. Indeed, Chapter 5 of Title 11 is expressly made applicable to Chapter 13 cases without limitation. § 103(a). Further, the Bankruptcy Code is replete with examples where action or inaction in prior bankruptcy cases is given consequence. See, e.g., §§ 727(a)(8), (9), 523(a)(10), 109(g). Neither § 522(c)(2)(A) nor § 522(f)(1) ascribe any such consequences.

On the merits of Debtors' motion, there is no dispute that Sacor's judgment lien is a "judicial lien." See § 101(36); ORS 18.150. The issue is the extent to which that lien "impairs" Debtors' homestead exemption. "Impairment" is defined in § 522(f)(2). To simplify the calculation set forth therein, the Residence's value of $165,000, minus Nationstar's lien of $116,322.16, NWCCU's lien of $13,500, and Debtors' allowed homestead exemption of $50,000, leaves no value to which Sacor's lien can attach. Thus, the lien fully impairs the exemption and may be avoided in its entirety. Because the motion is part of the Amended Plan, I will defer entry of an order granting the motion and avoiding the lien until a plan is confirmed.

Sacor's judgment lien also attaches to the Lot. Debtors' Original Plan dated July 16, 2015 (**Original Plan**), at ¶¶ 10 and 11(Part 2), attempted to invoke ORS 18.238 to obtain the release (avoidance) of several judgment liens, including Sacor's, on the Lot. At the time, I invited Debtors' counsel to brief the issue of whether ORS 18.238 can be invoked through a Chapter 13 plan. Counsel declined to do so. Debtors then filed the Amended Plan which deleted any reference to ORS 18.238. Sacor objected to confirmation by wholly incorporating its

---

[2]Normally, the allowance of an unsecured claim is determined in the claims objection process. Because the matter has been argued and briefed, I am comfortable resolving the issue in the present context.

[3]Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States Code.

objections to the Original Plan including, quizzically, that plan's use of ORS 18.238 (even though the Amended Plan deleted those provisions). At the September 27, 2016, hearing, Debtors' counsel represented that Debtors intended to deal with liens on the Lot, in essence, outside the plan on an "as needed" basis, contingent on a firm sale offer. Sacor objected to that proposal, insisting that Debtors deal with its lien in some way.

      I agree with Sacor on this point. Sacor has filed a secured proof of claim based partially on a lien on the Lot. Debtors must promptly address the lien claim. One possible means of doing so is ORS 18.238. That topic was broached at the September 27, 2016, hearing. Again, I invited briefing and again Debtors' counsel declined, instead relying on conclusory oral argument. On the other hand, Sacor's counsel briefed the issue. Although there is no plan, motion, or complaint before me which attempts to use ORS 18.238, because of the parties' consistent and opposing positions, I consider an immediate substantial controversy to exist and will, in the nature of a declaratory judgment, give the parties a ruling.

      ORS 18.238(1) provides, with emphasis added:

> (1) Any person discharged from debts pursuant to the federal bankruptcy laws <u>may file in any court or tribunal in which a judgment has at any time been rendered against the person</u>, either before or after such discharge, <u>a motion in the suit, action or proceeding</u> for the discharge of the judgment from the record. After notice to the judgment creditor, or to any assignee of the judgment creditor whose assignment has been filed or recorded under ORS 18.205, the court shall enter a final order that the judgment be discharged and satisfied of record if the debtor establishes that:
>
> > (a) The debtor has been discharged from the payment of the judgment or the claim upon which the judgment was based; and
>
> > (b) Either there was no property to which a judgment lien had attached under ORS 18.150, 18.152, 52.635 or 221.351, as of the date the petition for relief is filed under the federal bankruptcy laws, or if there was such property, the value of the property on the date of the filing of the petition was not more than the outstanding balance of any prior lien or liens upon the property.

      Debtors argue they may take advantage of ORS 18.238(1) in this Court. As indicated by the emphasized text, the statute's plain language requires that a motion be filed in the suit in the court in which the judgment was entered. Is this a substantive requirement or merely a procedural step, and, if a substantive requirement, does the Bankruptcy Code override it?

Debtors, who have the burden to show their right to use the statute, do not address these questions in any meaningful way. In fact, what little analogous authority exists suggests Bankruptcy Court relief is indeed unavailable. Cf. In re Peters, Case No. 394-36717-elp7 (Bankr. D. Or. July 11, 1995) (unpublished) (Perris, J.).[4] Consistent therewith, I hold that to take advantage of ORS 18.238, Debtors must file a motion in the Lane County Action.[5] I leave for another day whether a better-articulated argument would hold sway.

Because the Amended Plan does not treat Sacor's lien on the Lot, it cannot be confirmed. Due to the length this case has been pending, and the multiple hearings at which confirmation has been addressed,[6] Debtors will have one more chance to propose and confirm a plan. A further amended plan must be filed within 28 days of the order accompanying this opinion. It must specifically identify how Sacor's lien on the Lot will be treated. The plan itself may provide the treatment, for instance, by surrender in ¶ 2(b)(5). At minimum, the plan must identify a separate proceeding or motion addressing the lien,[7] which in turn must be filed within the same 28 days.

If Debtors still intend to keep the Lot and pursue a short sale, they must be prepared to specifically articulate and prove a cogent reason why sale, as opposed to surrender, is of benefit. They must also propose a deadline for the sale, and what consequences ensue should that deadline not be met.

Debtors' attorney fees are substantial. Paragraph 2(b)(4) of the new plan must contain a good faith conservative estimate of all pre-confirmation fees. Further, at least 14 days before the next confirmation hearing, Debtors' counsel must file and serve on all parties appearing at the September 27, 2016, hearing, an itemized statement of present and estimated future fees. Finally, Debtors must stay current with their plan payments pending confirmation.

Failure to comply with any of the above, or to gain confirmation of the next plan, will result in dismissal of the case without further notice or hearing. This letter opinion constitutes

---

[4] Peters involved a Chapter 7 debtor's unsuccessful efforts to avoid a judgment lien under § 522(f)(1). There, the court discussed former ORS 23.280-23.300 (now ORS 18.412-18.422). Those statutes provide a method for an owner or transferee of homestead property subject to judgment liens to discharge those liens upon the property's transfer. Like ORS 18.238(1), the statutes require that the notice to discharge the lien and any objections thereto be filed in the court that entered the judgment. ORS 18.412(1); ORS 18.415(1). The Peters court held that to take advantage of the Oregon statutes, the debtor must proceed in state court. Id. at pp. 9-10.

[5] To the extent a motion under ORS 18.238 constitutes a "continuation" of the Lane County Action, Parker v. Bain, 68 F.3d 1131, 1135-1136 (9th Cir. 1995) (construing § 362(a)(1)), I will grant relief from stay for "cause" under § 362(d) to allow the motion to be filed and resolved.

[6] By my count, there have been eight (8) prior hearings addressing confirmation of either the Original or Amended Plan.

[7] I take no position as to whether a motion under ORS 18.238 is the only available option.

Fielder Letter Opinion
November 16, 2016
Page-6

my findings of fact and conclusions of law under FRBP 7052.  Orders consistent herewith will be entered.

>                    Very truly yours,
>
>                    *[signature: Thomas M. Renn]*
>
>                    THOMAS M. RENN
>                    Bankruptcy Judge

TMR:vhd